## Case No. 5,643.

GOULD'S MANUF'G CO. v. COWING et al.

[14 Blatchf. 315; 3 Ban. & A. 75; 12 O. G. 942.] [1]

Circuit Court, N. D. New York. Sept. 14, 1877. [2]

PATENTS—IMPROVEMENT—INFRINGEMENT—NOMINAL DAMAGES.

In Gould's Manuf'g Co. v. Cowing [Case No. 5,642], it was held, that the invention covered by the plaintiff's patent was of an improvement in a pump, and that, as the plaintiff had failed to show the profits or damages arising to the defendants from the use of such improvement, it was entitled to only nominal damages. On further evidence being given, showing that, after the plaintiff's pump had been introduced into certain oil regions, other pumps could not be sold in those regions: *Held*, that such further evidence did not show that the plaintiff was entitled to other than nominal damages.

[Cited in Schillinger v. Gunther, Case No. 12,457; Star Salt-Caster Co. v. Crossman, Id. 13,320.]

[See note at end of case.]

In equity.

J. B. Perkins, for plaintiff.

Elisha Foote, for defendants.

JOHNSON, Circuit Judge. This case comes up on exceptions, taken by the defendants [John P. Cowing and others], to the report of the master under the interlocutory decree, directing an account upon the infringement of the plaintiff's patent. This decree was made in March, 1874, Judge Woodruff presiding. Under it an account was taken before Mr. Pomeroy, acting as master. Upon his report exceptions were taken by the defendants, which were heard before Mr. Justice Hunt. The learned judge allowed the exceptions, and, in the first instance, ordered that the plaintiff was entitled only to nominal damages, but subsequently allowed the plaintiff a further opportunity to produce evidence. Upon the decision of the case, an elaborate opinion was delivered, which is to be found in [Case No. 5,642]. It was held, that the invention was one only of an improvement in the pump, and not of the entire pump; that numerous parts of the pump were in general use prior to the patent, and were not claimed therein, and were free to be used by the defendants; that the patented invention claimed was a special construction of a side chamber, whereby the same was adapted to use with the valve casings bolted on the outside; and that the damages could not exceed the profits upon such improvement. It was further held, that, as the plaintiff failed to show the profits or damages arising from the use of the improvement, the master should have decided that nominal damages only could be recovered. This decision furnishes the law of this circuit upon the questions involved, and, in an especial

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 75; and here republished by permission.]

[2] [Reversed in 105 U. S. 253.]

sense, it furnishes the law of this case, which no judge has a right to review or modify, except upon appeal. Being convinced of its correctness, I have as little inclination, as I have right, to depart from it. Upon the further reference, the report upon which is now before the court, on exceptions taken by the defendants, the clerk of this court, acting as master, has made substantially the same report as was made by the first master, founding his decision upon proof that, after the plaintiff's pump had been introduced into certain oil regions, other pumps could not be sold in those regions. This is relied upon as taking from the former decision all its force, and absolving the party from the necessity of giving proof, as that decision holds, of the profits or damages arising from the use of the improvement. The force of the former decision cannot thus be avoided. The fact newly introduced has no bearing upon the question, but leaves the rule announced in the former decision of Mr. Justice Hunt, uncomplied with. The attempt to get rid of that decision in this way must necessarily fail. To a court which has decided that evidence of a particular fact is necessary, it is no answer to say that it cannot be given. The consequence of that state of things is, that the party on whom the burthen rests must fail. This is the situation of the plaintiff in the case before the court. It has not given the evidence which the court has held it must give, to entitle it to more than nominal damages. This must be attributed to the impossibility of proving any damages within the rule laid down by the court. The exceptions must be allowed, and the report reduced to nominal damages, and there must be a final decree on that basis. If the views of the plaintiff are to prevail, the only remedy is in the supreme court, upon appeal. To the decision of Mr. Justice Hunt heretofore made in this cause, is now to be added the decision of the same learned judge, made in this court, in Black v. Munson [Case No. 1,403], in which the same doctrine laid down by him in this case is reaffirmed, and applied to the circumstances of Black v. Munson. Let there be a decree for the plaintiff, with nominal damages only.

[NOTE. The complainants thereupon appealed to the supreme court, which, in an opinion by Mr. Chief Justice Waite (105 U. S. 253), reversed the decree below, and ordered one entered against the appellees for $4,470, at the rate of $15 per pump. The fruits of the infringer's advantage were his profits, and they were peculiar, as the evidence shows a monopoly in favor of the complainants in certain regions. The market was not only limited in locality, but in demand. While nominally, the plaintiffs made only an improvement in pumps, it was really an improved pump. For ordinary uses, the improvement added nothing to the value of the old pump; but, for the new and special purpose in view, the old pump was useless without the improvement. Therefore, damages above the cost of manufacture should have been given.]

GOURDIN (EINSTEIN v.). See Case No. 4,320.

GOURDIN (STRAIN v.). See Case No. 13,-521.

GOURE (UNITED STATES v.). See Case No. 15,240.

GOURLAY (UNITED STATES v.). See Case No. 15,241.